**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KYLE JOHN NOWALK,

                                        Plaintiff,                        9:25-cv-591
                                                                          (ECC/ML)

v.

PRIME CARE MEDICAL INC. and
BROOME COUNTY,

                                        Defendants.

---

**Appearances:**

Kyle John Nowalk, *Pro se Plaintiff*
Paul A. Sanders, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

Pro se Plaintiff Kyle John Nowalk commenced this action pursuant to 42 U.S.C. § 1983

for alleged violations of his constitutional rights arising out of his confinement as a pretrial

detainee at Broome County Jail.  Dkt. No. 9.  In reviewing the sufficiency of the operative

Amended Complaint under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(b), this Court

construed the pleading to allege deliberate medical indifference claims against Defendants Broome

County and Prime Care Medical Inc. (Prime Care) that survived initial review and required a

response.  Dkt. No. 10 at 5.  On October 17, 2025, Defendants filed a motion to dismiss the

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 16.  The

motion is fully briefed.  Dkt. Nos. 19, 23.  This matter was assigned to United States Magistrate

Judge Miroslav Lovric, who on April 28, 2026 issued a Report and Recommendation

recommending that Defendants' motion to dismiss be denied. Dkt. No. 43. Defendants filed timely objections to the Report and Recommendation. Dkt. No. 45.

For the reasons that follow, the Report-Recommendation is accepted in part and rejected in part, and Defendants Broome County and Prime Care's motion to dismiss is granted. In addition, for the reasons set forth below, the Clerk is respectfully requested to update the docket to identify Doctor Scottland as a Defendant in this action, and to direct service of the Amended Complaint on Scottland by the Marshals unless defense counsel otherwise consents to accepting service on Scottland's behalf.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

2

## III.    DISCUSSION

### A.    The Amended Complaint

At all relevant times to Plaintiff's claims in this action, Plaintiff was a pretrial detainee confined to Broome County Jail.  In 2022, Plaintiff was diagnosed with Hepatitis C.  Dkt. No. 9 at 1.  Plaintiff "requested treatment with medication to cure" his chronic Hepatitis C and wrote "multiple sick calls to [Prime Care] staff that work inside the Broome County Jail" that he "want[s] medication to cure" his Hepatitis C.[1]  *Id.*  However, Plaintiff was "denied medication to cure" his condition.  *Id.*  Plaintiff "had bloodwork done multiple times" in the Broome County Jail, showing "abnormal results every time."  *Id.*  Medical staff at Broome County Jail knew Plaintiff had Hepatitis C, but refused to give Plaintiff medication.  *Id.*

Dr. Scottland works for Prime Care at Broome County Jail. Dkt. No. 9 at 2.  In June 2025, Dr. Scottland denied Plaintiff Hepatitis C medication, stating it was "to[o] expensive" to give to Plaintiff.  *Id.*  Plaintiff contends that his liver has been damaged due to Hepatitis C, and that Prime Care and Broome County Jail did "nothing" to help him cure his condition.  *Id.*

### B.    Plaintiff's Surviving Claims

In its August 11, 2025 decision reviewing the Amended Complaint, this Court found that Plaintiff's Fourteenth Amendment deliberate medical indifference claims against Broome County and Prime Care survived initial review and required a response.  Dkt. No. 10 at 5.  The Court briefly reiterates the applicable law.

#### 1.    Municipal Liability

It is well settled that "a municipality cannot be made liable [under § 1983] by application

---

[1] Plaintiff has been incarcerated at the Broome County Jail "on and off" since 2022.  Dkt. No. 9 at 2.

of the doctrine of respondeat superior." *Lucente v. Cty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quotations omitted). Rather, "[i]n order to hold the County liable under § 1983, plaintiff must put forth sufficient evidence to show that individual defendants' unconstitutional actions were taken pursuant to an official municipal policy, custom, or practice." *Thornton v. Cty. of Albany*, No. 9:14-cv-679, 2016 WL 5793714, *7 (N.D.N.Y. Oct. 4, 2016) (citing *Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. 658, 690–91 (1978)).  Though government contractors "are not municipalities, conduct that is formally private may be so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action." *Davis v. Westchester Cnty.*, No. 20-cv-517, 2021 WL 3604762, at *4 (S.D.N.Y. Aug. 12, 2021) (internal quotation marks omitted) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 847 (1982)); *see also Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function."); *Tutora v. Aramark Corr. Servs.*, No. 17-cv-9170, 2022 WL 2237567, at *7 (S.D.N.Y. June 22, 2022) (holding that a prison food service provider "stepped into the shoes" of the county government and could be liable under *Monell*).

The existence of a municipal policy or custom may be pled in any of four ways: "(1) a policy formally adopted and endorsed by the municipality; (2) actions taken by policymaking officials that caused the particular deprivation alleged; (3) practices by subordinate officials that are not expressly authorized but are so widespread and consistent that policymakers must have been aware of them; or (4) a failure by policymakers to train or supervise that amounts to deliberate indifference to the rights of those who come into contact with the inadequately trained or supervised municipal employees." *Crawley v. City of Syracuse*, 496 F. Supp. 3d 718, 729 (N.D.N.Y. 2020) (internal quotation marks omitted) (citing *Deferio v. City of Syracuse*, 770 F.

4

App'x 587, 589 (2d Cir. 2019) (summary order)). "Once a plaintiff has demonstrated the existence of a municipal policy, a plaintiff must then establish a causal connection, or an 'affirmative link,' between the policy and the deprivation of his constitutional rights." *Deferio*, 770 F. App'x at 590 (2d Cir. 2019) (citing *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)). "Boilerplate statements" that county employees were acting in accord with a municipal policy, with no facts to support those statements, are not sufficient to support a *Monell* claim. *See Brown v. Oneida Cnty.*, No. 6:15-cv-0849 (LEK/ATB), 2016 WL 4275727, at *4 (N.D.N.Y. Aug. 12, 2016).

### 2. Deliberate Indifference to Medical Needs

As a pretrial detainee, Plaintiff's claims for deliberate indifference to serious medical needs are "governed by the Due Process Clause of the Fourteenth Amendment, rather than Cruel and Unusual Punishments Clause of the Eight[h] Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citations omitted); *see also id.* ("A pretrial detainee's claims are evaluated under the Due Process Clause because, [p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise.") (cleaned up). To establish such a claim, "the plaintiff must show that: (1) he had a 'serious medical need'; and (2) the defendant 'acted with deliberate indifference.'" *Loveall v. Walker*, 807 F. Supp. 3d 148, 161 (N.D.N.Y. 2025) (quoting *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019)). "Under the Fourteenth Amendment an official does not act in a deliberately indifferent manner . . . unless the official 'acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.'" *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020) (quoting *Darnell*, 849 F.3d at 35).

### C.      Defendants' Motion to Dismiss

Defendants Broome County and Prime Care seek dismissal of the Amended Complaint for failure to state a claim, arguing that Plaintiff has failed to plausibly allege *Monell* liability against either entity.  Dkt. No. 16-4 at 7-8.  Specifically, Defendants argue that Plaintiff has not alleged a formal policy or widespread custom or practice to establish municipal liability.  *Id.*  Defendants further argue that Plaintiff fails to allege other incidents involving similarly situated inmates that amount to widespread deprivations, and that the isolated incidents alleged in the Amended Complaint are insufficient to establish a municipal policy.  *Id.* at 8.  In opposition to Defendants' motion to dismiss, Plaintiff generally reasserted the allegations contained in his Amended Complaint, attaching medical records as exhibits.  Dkt. No. 19.

### D.      Report and Recommendation

Magistrate Judge Lovric recommended denying Defendants' motion to dismiss the Amended Complaint, noting that a "single incident of unconstitutional activity may be sufficient to impose liability under *Monell*, if the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker." Dkt. No. 43 at 9.  Magistrate Judge Lovric then concluded that, based on Plaintiff's allegations that he was repeatedly denied medication due to cost constraints, "the Amended Complaint alleges that Defendants have a policy of not administering medication to incarcerated individuals if the cost of the medication surpasses a monetary threshold." *Id.*  Last, Magistrate Judge Lovric recommended that Plaintiff's *Monell* claims against the Defendants should be dismissed to the extent they are based on a failure-to-train theory.  *Id.* at 10 n.3.

### E.      Defendants' Objections

Defendants object to Magistrate Judge Lovric's recommendation that this Court should

6

deny their motion to dismiss.  Dkt. No. 45.  Defendants argue that Magistrate Judge Lovric improperly inferred the existence of a municipal policy from the "single alleged statement made during an isolated conversation with a non-policy making individual," and that there is otherwise an "absence of any allegations identifying a policymaker, a policy, or a pattern of similar conduct." *Id.*

The Court agrees that Plaintiff's allegations, even liberally construed, do not plausibly allege a *Monell* claim under any of the available theories of liability.  Plaintiff alleges that he was repeatedly denied medication for Hepatitis C while confined at the Broome County Jail.  He also alleges that on one occasion, a medical provider at Broome County Jail, who was employed by Prime Care, denied him medication, stating it was too expensive.  Nowhere in the Complaint does Plaintiff allege a formal policy or custom related to the denials of his medication.  Nor is there any allegation that Dr. Scottland or any other applicable medical provider was a policy-making official for either Defendant, such that their individual denial of medication due to cost constraints would be actionable.

The Complaint also fails to plead *Monell* liability based on informal policies.  "To show a policy or custom through a 'widespread practice,' a plaintiff must attribute a subordinate's conduct to the actions or omissions of higher-ranking officials with policymaking authority." *Miller v. Cnty. of Monroe*, No. 23-cv-06649, 2024 WL 2804435, at *4 (W.D.N.Y. May 31, 2024) (citing *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004)). To do so, a plaintiff may show that (i) a "policymaker ordered or ratified the subordinate['s] actions, or (ii) "the policymaker was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions." *Amnesty America*, 361 F.3d at 126.  A plaintiff may also plead the existence of de facto customs or policies "by citing [ ] complaints in other cases

7

that contain similar allegations." *Gaston v. Ruiz*, No. 17-cv-1252, 2018 WL 3336448, at *6 (E.D.N.Y. July 6, 2018).  "Such complaints should involve factually similar misconduct, be contemporaneous to the misconduct at issue in the plaintiff's case, and result in an adjudication of liability."  *Miller*, 2024 WL 2804435, at *4 (citing *Isaac v. City of New York*, No. 16-cv-4729, 2018 WL 5020173, at *17 (E.D.N.Y. Aug. 6, 2018) (finding that other court cases could not establish a de facto policy or custom because they involved dissimilar misconduct, were resolved by settlement, or the city prevailed); *Calderon v. City of New York*, 138 F. Supp. 3d 593, 613 (S.D.N.Y. 2015) ("None of the [16] lawsuits cited resulted in an adjudication or admission of liability and the number of suits does not suggest a pervasive illegal practice."); and *Buari v. City of New York*, 530 F. Supp. 3d 356, 404 (S.D.N.Y. 2021)).

Here, even under the most liberal pleading standards Plaintiff has not alleged conduct by any policymaker that can be attributed to the alleged deliberate indifference to his medical needs. Likewise, Plaintiff does not point to any similar instances of medication denials based on budget considerations.  *See Kiss v. Torres*, No. 21-cv-10391, 2024 WL 1210941, at *23 (S.D.N.Y. Mar. 19, 2024) (dismissing a *Monell* claim where "[p]laintiff only points to the alleged constitutional deprivations that he suffered . . . , and he entirely fails to identify any other incidents that would indicate a pattern or practice"); *Aragon v. New York*, No. 14-cv-9797, 2017 WL 2703562, at *6 (S.D.N.Y. June 22, 2017) (dismissing claims where "[the] [p]laintiff seems to allege the existence of a practice adopted by the [County] solely based on [the] [p]laintiff's alleged experience"); *Gordon v. City of New York*, No. 10-cv-5148, 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (dismissing *Monell* claim where the plaintiff's "allegation [was] unsupported by anything other than the facts of what occurred in his particular case" (citations omitted)).  Indeed, even looking at Plaintiff's own alleged circumstances in a vacuum, he only tethers the one instance of

medication denial by Dr. Scottland to cost constraints.

Finally, the Court agrees with Magistrate Judge Lovric's finding that Plaintiff has failed to allege a *Monell* claim premised on a failure to train or supervise. A failure to train constitutes a policy or custom that is actionable under § 1983 where "in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390. The Second Circuit has held that a finding of deliberate indifference requires: (1) "that a policymaker knows 'to a moral certainty' that her employees will confront a given situation"; (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "that the wrong choice by the . . . employee will frequently cause the deprivation of a citizen's constitutional rights." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 440 (2d Cir. 2009) (alteration in original) (quoting *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Similarly, "[t]o establish *Monell* liability premised on a failure to supervise, a plaintiff must plead that (1) there was a pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity, and (2) the municipality consistently failed to investigate those allegations." *Lopes v. Westchester County*, No. 18-cv-8205, 2020 WL 1445729, at *5 (S.D.N.Y. Mar. 25, 2020). Alternatively, "a plaintiff may plead (1) that there was a pattern of actual similar constitutional violations and (2) the municipality consistently failed to discipline those involved." *Tieman v. City of Newburgh*, No. 13-cv-4178, 2015 WL 1379652, at *21 (S.D.N.Y. Mar. 26, 2015)

9

(emphasis omitted). To establish deliberate indifference for a failure to supervise and/or discipline claim, the plaintiff must show that "the need for more or better supervision to protect against constitutional violations was obvious," which may be established "through proof of repeated complaints of civil rights violations . . . if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents." *Buari*, 530 F. Supp. 3d at 400 (quoting *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)).

Here, Plaintiff has not alleged, or even implied, a specific training deficiency contributing to the underlying alleged deliberate medical indifference. *See Taranto v. Putnam County*, No. 21-cv-2455, 2023 WL 6318280, at *19 (S.D.N.Y. Sept. 28, 2023) (dismissing the plaintiff's *Monell* claim because, insofar as it sounded in a failure-to-train theory, "they ha[d] not alleged a specific training deficiency"); *see also Tieman*, 2015 WL 1379652, at *22 ("[A] plaintiff must plausibly allege a specific deficiency in the municipality's training." (emphasis added)).  With respect to failure to supervise, as the Court has previously explained Plaintiff has not alleged that there was a "pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity." *Lopes*, 2020 WL 1445729, at *5; *see also Tieman*, 2015 WL 1379652, at *21 (same).

For these reasons, Magistrate Judge Lovric's Report and Recommendation is accepted in part and rejected in part, and the Defendants' motion is granted.  Plaintiff's claims against Broome County and Prime Care are dismissed because he has failed to plausibly allege *Monell* liability under any of the available theories.

## IV. Doctor Scottland[2]

As previously mentioned, the Court issued an August 11, 2025 Decision and Order

---

[2] The records submitted by Plaintiff as exhibits to his opposition suggest that this medical provider's name is "Scotlynne Rieder."  *See* Dkt. No. 19-1 at 2.

screening Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 10.  Based on that review, the Court concluded that Plaintiff's deliberate medical indifference claims against Broome County and Prime Care survived and required a response.  *Id.* at 5.  Now, upon further review of the Amended Complaint, the Court concludes that the allegations should have been liberally construed to likewise assert a Fourteenth Amendment deliberate medical indifference claim against Dr. Scottland.  To the extent the Court inadvertently failed to recognize Plaintiff's deliberate medical indifference claim against Dr. Scottland as surviving sua sponte review and requiring a response, the Clerk is directed to update the docket to identify Dr. Scottland as a Defendant in this action.  The Clerk is further requested to direct service of the Amended Complaint on Scottland by the Marshals, unless defense counsel otherwise consents to accepting service on Scottland's behalf.

V.    **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Magistrate Lovric's Report and Recommendation is **ADOPTED in part** and **REJECTED in part;** and it is further

**ORDERED** that Defendants Broome County and Prime Care's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED,** and the Amended Complaint is **DISMISSED** against them; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment deliberate medical indifference claim against Dr. Scottland as alleged in the Amended Complaint survives sua sponte review and requires a response.  The Clerk is respectfully directed to update the docket to identify Dr. Scottland as a Defendant in this action, and to issue a summons and forward it, along with a copy of the Amended Complaint, to the United States Marshal for service upon Scottland, unless

11

defense counsel in this action otherwise consents in writing to accept service on behalf of Scottland within fifteen days of the date of this Decision and Order; and it is further

ORDERED that upon completion of service, a response to Plaintiff's Amended Complaint be filed by Scottland, or her counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: July 20, 2026

Elizabeth C. Coombe
U.S. District Judge